UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN CASTELLO,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF SEATTLE, et al.,<br><br>    Defendant. | CASE NO. C10-1457MJP<br><br>ORDER ON<br> 1. DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS<br> 2. PLAINTIFF'S MOTION FOR RECONSIDERATION |

 The above-entitled Court, having received and reviewed:

1. Defendants Shea and Simmons's Motion for Attorneys' Fees and Costs Under RCW 4.24.525 ("Anti-SLAPP Act") (Dkt. No. 29); Plaintiff's Response in Opposition to Defendants' Motion for Attorneys' Fees and Costs (Dkt. No. 42); Defendant City of Seattle's Response to Defendants' Shea and Simmons's Motion for Attorney's Fees and Costs (Dkt. No. 35); and Defendants Shea and Simmons's Reply in Support of Motion for Attorneys' Fees and Costs (Dkt. No. 45)

2. Plaintiff's Motion for Reconsideration of the Court's Order on Special Motion to Strike & Motion to Dismiss (Dkt. No. 38)

ORDER ON- 1

1 | and all attached declarations and exhibits, makes the following ruling:

2 | IT IS ORDERED that

3 |     1.    Defendant Shea is awarded $18,398 in attorneys' fees.

4 |     2.    Defendant Simmons is awarded $34,906.50 in attorneys' fees and

5 | $264.47 in costs.

6 |     3.    Plaintiff's request to stay the imposition of statutory penalties, fees

7 | and costs pending appeal is DENIED.

8 |     4.    Defendant City of Seattle's request to direct fees attributed to the

9 | Summit Law Group to be paid to the City is DENIED.

10 |     5.    The motion for reconsideration is DENIED.

11 |     6.    Defendants Shea and Simmons have seven days from the date of

12 | this order to interpose any objection they care to make to the Court's intention to

13 | issue a final judgment under FRCP 54(b) as regards this portion of the above-

14 | entitled matter.

15 | **Background**

16 |     Defendants Shea and Simmons ("Defendants") are among the parties named in a lawsuit

17 | initiated by Plaintiff Castello in August 2010.  This Court granted Defendants' special motion to

18 | strike the claims against them pursuant to Washington's Anti-SLAPP statute and awarded each

19 | defendant $10,000 and attorneys' fees and costs in connection with the special motion.

20 |     Defendants Shea and Simmons were both represented by the Summit Law Group

21 | ("SLG").  Additionally, Defendant Simmons retained Davis Wright Tremaine ("DWT").

22 | Defendants have submitted declarations and exhibits in support of the amounts they are seeking

23 | for attorneys' fees.

24 |

Plaintiff challenges the amount of time spent on multiple grounds.  Additionally, Plaintiff opposes the rates claimed by DWT.

**Discussion**

**MOTION FOR FEES AND COSTS**

**A.  Determination of Fees**

Under the Washington Anti-SLAPP Act, the prevailing party on a successful special motion to strike is entitled to "[c]osts of litigation and reasonable attorneys' fees incurred in connection with each motion on which the moving party prevailed."  RCW 4.24.525(6)(a).  The award is mandatory; the only remaining question for the Court is the amount of the award.

Washington courts use the "lodestar method" to determine a reasonable award of attorneys' fees when a statute proscribes no alternate method.  Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 596-97 (1983) citing Lindy Bros. Bldrs., Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3rd Cir. 1973).  A lodestar figure is calculated by multiplying a reasonable billing rate by the number of hours reasonably worked.  Bowers, 100 Wn.2d at 597.  Once the lodestar figure is determined, it can be adjusted to account for factors not adequately considered in the determination of the lodestar figure. [1]  Id.

**1.  Reasonableness of Rates**

Plaintiff challenges the rates claimed by the attorneys from DWT but concedes the rates charged by SLG attorneys are reasonable.  Nevertheless, Plaintiff argues a blended rate of $235 per hour should be applied to both DWT and SLG attorneys.  (Pl. Resp. Br. at 8.)  Plaintiff supplies no rationale or authority for this blended rate.

---

[1] Neither party requests the application of a lodestar multiplier.

1   Although an attorney's established billing rate should not automatically be used for the
2   lodestar calculation, the usual fee will often be appropriate if it is reasonable.  Bowers, 100
3   Wn.2d at 597.  Calculations of the reasonable rate will also be guided by the marketplace.
4   Missouri v. Jenkins by Agyei, 491 U.S. 274, 285 (1989).  Here, comparisons to the marketplace
5   indicate DWT's rates are reasonable.

6   Bruce Johnson, a partner at DWT with 33 years of experience, bills at $505 per hour.
7   This rate is within the second quartile of Mr. Johnson's peers. (Gowell Decl. ¶3.)  The slightly-
8   above-the-median rate is justified by Mr. Johnson's unique experience writing and litigating
9   Washington's Anti-SLAPP statute.  DWT associate, Ambika Doran's rate is also comparable to
10  the median rate of associates with four years of experience. (Id.)

11  Because Plaintiff's challenges rely on little more than anecdotal references to his
12  attorney's own practice and because Defendants provide comparisons to market data, the Court
13  finds these rates reasonable.

14
    **2.  Reasonableness of Time**
15

16  Plaintiff also disputes the amount of time spent by the attorneys.  Plaintiff's more
17  colorable arguments can be divided into four categories: (1) duplicative attorney presence at oral
18  arguments; (2) time spent preparing the motion for fees; (3) time spent researching the merits of
19  Plaintiff's claim; and (4) time spent on Defendants' reply brief.
20  Plaintiff raises additional arguments that are unsupported by the record or the law.
21     a.  Duplicative time at oral argument
22  Plaintiff first argues against the time billed for attorneys' mere attendance at oral
23  argument.  All four attorneys were present at oral argument, but only Mr. Johnson, who did not
24

1 represent Defendant Shea, participated. It was therefore reasonable and appropriate for SLG

2 counsel to be present, especially considering only Mr. Chun billed for that time.

3 Plaintiff's argument against Ms. Doran billing for her attendance is persuasive, however.

4 Defendants have not sufficiently demonstrated the reasonableness of billing for the second

5 attorney's presence. Although the Court encourages associate attendance at argument, it is

6 inappropriate to shift the allocation of training costs to the Plaintiff. Mr. Johnson itemized his

7 entries on the day of argument, allotting 1.4 hours for travel to and participation in the argument.

8 Therefore the Court deducts 1.4 of Ms. Doran's hours.

9      b.   Time spent preparing the motion for attorneys' fees

10 Plaintiff also argues that all hours spent on the motion for attorneys' fees should be

11 excluded. (Pl. Resp. Br. at 6.) The Ninth Circuit has "repeatedly held that time spent by counsel

12 in establishing the right to a fee award is compensable." Davis v. City and County of San

13 Francisco, 976 F.2d 1536 (9th Cir. 1992) opinion vacated in part on denial of reh'g, 984 F.2d

14 345 (9th Cir. 1993). Additionally, time spent preparing the motion for fees in litigation of

15 California's Anti-SLAPP statute has been included in the fee award. Metabolife Intern., Inc. v.

16 Wornick, 213 F. Supp.2d 1220 (S.D. Cal. 2002). Because Plaintiff's argument is unsupported by

17 law, the Court finds the amount of time spent preparing the motion for attorneys' fees is

18 reasonable.

19      c.   Time spent on Defendants' 12(c) motion

20 Plaintiff next argues against including any work on the Defendants' Fed.R.Civ.P. 12(c)

21 analysis. (Pl. Resp. Br. at 2.) In order to prevail on an Anti-SLAPP special motion to strike, a

22 defendant must first demonstrate that her speech is protected and second that the plaintiff is

23 unlikely to succeed on the merits. RCW 4.24.525(4)(b). The Defendants' motion to strike

24

PLAINTIFF'S MOTION FOR
RECONSIDERATION- 5

1  addressed both parts of the test by demonstrating Defendants were entitled to a judgment on the

2  pleadings.  Because the Plaintiff's chances of success are a fundamental aspect of the special

3  motion to strike, any research related to a 12(c) analysis is inherently "in connection" with the

4  motion.

5       d.  Reply brief preparation

6  Plaintiff challenges the time billed between Defendants' motion to strike on October 13

7  and Plaintiff's response on November 8.  (Pl. Resp. Br. at 4.)  Plaintiff mistakenly believes that

8  communications with the client and preparation of the reply during this period must be related to

9  the Plaintiff's response in order to be recoverable, but the communication and preparation were

10  "in connection" with the motion, which is all that is required by the Anti-SLAPP statute.

11  Plaintiff also asserts the time spent on the reply brief should be discounted by half due to

12  Mr. Johnson's experience with Anti-SLAPP litigation.  This assertion is without merit.  Plaintiff

13  suggests thirty-four hours preparing the reply is unreasonable because of the similarity "in all

14  substantive respects" between the reply and the arguments Mr. Johnson raised in Aronson v. Dog

15  Eat Dog Films, Inc., 2010 WL 3489590, (2010). (Pl. Resp. Br. at 5.)  However, in Aronson, the

16  plaintiff's claims of invasion of privacy, copyright infringement, and misappropriation of

17  likeness differed substantially from the claims that were struck here.  Because a plaintiff's ability

18  to succeed on the merits is an essential element of a successful Anti-SLAPP motion, the research

19  and preparation for Aronson differed significantly from the present case.

20       e.  Other arguments

21  Plaintiff's remaining challenges are unpersuasive.  First, plaintiff challenges Defendant's

22  accounting of time as "so devoid of detail as to render [it] almost meaningless." (Pl. Resp. Br. at

23  3.) Contrary to Plaintiff's assertions, the "documentation [supporting a motion for attorneys'

24

1  fees] need not be exhaustive or in minute detail," but will suffice if the court can identify the

2  "type of work performed and the category of attorney who performed the work[.]"  Bowers, 100

3  Wn.2d at 597.  The time entries submitted by both defense firms are sufficient in these regards.

4  (Chun Decl., Ex. C; Johnson Decl., Ex. D.)

5        Second, Plaintiff's argument for a 50% reduction in communication time between

6  Defendant Simmons and her attorneys fails because Plaintiff cites no authority as to the

7  appropriate amount of communication between a client and her attorney.

8        Third, Plaintiff's argument that the minimal billing for computerized research belies the

9  defense attorneys' attribution of time for research fails because SLG does not charge clients for

10  computerized research and much of the research done by DWT was based on previous research,

11  saving the client (and now Plaintiff) money on costs.  (Def. Reply Br. at 3.)

12        Fourth, Plaintiff's argument for a reduction corresponding to time attributed to "unrelated

13  discovery matters[,]" (Pl.'s Resp. Br. at 3.) fails to consider the fact that an Anti-SLAPP motion

14  to strike stays discovery until the motion is resolved.  RCW 4.424.525(5)(c).  Therefore, some

15  time dedicated to considering what aspects of the case will be affected by this stay (which is how

16  the use of time is characterized by defense counsel) would necessarily be "in connection with"

17  the motion to strike.

18        Finally, Plaintiff's allegation that Defendants seek compensation for work done by "A.

19  Wickers" despite purporting to claim only the time of Mr. Johnson and Ms. Doran fails to

20  observe that Mr. Wickers' time, which appears on Ms. Simmons's bill, is not included in the

21  total claimed in the present motion.  (Defs. Reply Br. at 4.)

B. <u>Costs</u>

Defendant Simmons seeks $264.47 in costs. Plaintiff has not contested this amount. The Court therefore awards Defendant Simmons $264.47 in costs.

C. <u>City's Motion to Direct Fees</u>

The City of Seattle requests any fees attributable to the work of SLG be paid to the City because the City paid for SLG's defense of Ms. Simmons and Ms. Shea. The division of funds is not properly before the Court. The City admits that it has not been billed for work done after November 23. A portion of the fees in question arises from work done after November 23; therefore an order to pay all fees to the City is inappropriate. The City's request is DENIED.

**MOTION FOR RECONSIDERATION**

A. <u>Reconsideration</u>

Motions for reconsideration are disfavored. LR 7(h). When such motions are considered, they are only granted upon "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." <u>Id.</u>

Plaintiff's motion for reconsideration raises an entirely new issue – the constitutionality of RCW 4.24.525 – not even mentioned in passing in his original responsive brief to Defendants' motion to dismiss and/or strike. Plaintiff makes no argument that this issue of constitutionality could not have been raised earlier (in fact, Plaintiff makes no mention of the fact that he is asking the Court to reconsider its ruling in light of an entirely new argument).

And, because this is an entirely new argument, there can be no question of "manifest error in the prior ruling;" the Court cannot have ruled in error on an argument never before raised.

Additionally, in raising his new constitutional argument, Plaintiff has failed to observe the minimum requirements of making a constitutional challenge to a statute; namely, to (1) "file a notice of constitutional questions stating the question and identifying the paper that raises it" and (2) serve the notice and the paper on the state attorney general where the challenge is to a state statute.  FRCP 5.1(b)(1) and (2).

This constitutional challenge is improperly raised in a motion for reconsideration and fails to meet the requirements for such a challenge in federal court.  On those bases, the Court denies the motion.

B. **Stay Pending Appeal**

Plaintiff filed a notice of appeal on December 29, 2010, and requests the Court stay any fees and penalties until the appeal is resolved.  Four factors are generally pertinent in deciding whether to issue a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  In this case, the factors weigh in favor of denying the stay.

Plaintiff asserts that he "has demonstrated a strong showing that he will succeed on appeal because the [Anti-SLAPP] Act is unconstitutional[.]"  (Pl. Resp. Br. at 8-9.)  This statement, which appears to be the extent of Plaintiff's demonstration, does not on its own constitute a strong showing of success on appeal.  Furthermore, the assertion that the Anti-SLAPP Act is unconstitutional is questionable given that California's Anti-SLAPP Act, which is

PLAINTIFF'S MOTION FOR
RECONSIDERATION- 9

1  substantially similar to Washington's statute, has been litigated multiple times and not held
2  unconstitutional. E.g., Equilon Enterprises v. Consumer Cause, Inc., 29 Cal. 4th 53, 62, 52 P.3d
3  685 (2002).  Second, although Plaintiff will suffer a financial hardship due to the Court's ruling,
4  he has made no showing that he will be "irreparably injured."  Third, any delay would simply
5  shift the potential financial injury to Defendant Simmons, who personally paid for DWT's
6  services.  Fourth, the public interest weighs against Plaintiff because Anti-SLAPP laws serve the
7  public interest by protecting speech and public participation.  Therefore, Plaintiff's motion to
8  stay fees and costs is DENIED.

**Conclusion**

Defendant Shea's motion for attorneys' fees in the amount of $18,398 is GRANTED. Defendant Simmons's requested amount is reduced by $399 to correspond with the time spent by DWT associate, Ambika Doran, at oral argument.  Defendant Simmons is therefore awarded $34,906.50 in attorneys' fees and $264.47 in costs.

The City of Seattle's request that a portion of fees be paid to the City is not properly before the Court and is therefore DENIED.

Plaintiff has failed to demonstrate a strong likelihood of success on appeal; a stay of fees and costs would only shift any financial burden from Plaintiff to Defendant Simmons, and the protection of speech and public participation afforded by the Anti-SLAPP statute is in the public interest.  For these reasons, Plaintiff's motion to stay penalties, fees and costs is DENIED.

Plaintiff's motion for reconsideration raises an entirely new argument as grounds for reconsideration and on that basis it is DENIED.  It is the Court's intention to enter a final

1  judgment as to Defendants Shea and Simmons under FRCP 54(b).[2]  Defendants will have seven
2  days from the date of this order to interpose any objections to amending the existing judgment to
3  an FRCP 54(b) final judgment.

5  The clerk is ordered to provide copies of this order to all counsel.
6  Dated: January _24_, 2011.

_____
Marsha J. Pechman
United States District Judge

---

[2] The Court is aware that judgment has already been entered as regards the claims against these two defendants.  Dkt. No. 34.  It is the Court's intention to amend that judgment to indicate that, there being no just reason for delay, it is entered pursuant to FRCP 54(b).

PLAINTIFF'S MOTION FOR
RECONSIDERATION- 11