UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN K. CASTELLO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SEATTLE,<br><br>　　　　　　Defendant. | CASE NO. C10-1457 MJP<br><br>ORDER ON RENEWED MOTION<br>FOR STAY OF JUDGMENT |

The Court, having received and reviewed:

1. Plaintiff's Renewed Motion for Stay of Judgment Pending Appeal (Dkt. No. 69)

2. Defendants Shea and Simmons Opposition to Plaintiff's Renewed Motion for Stay of Judgment Pending Appeal (Dkt. No. 72)

3. City of Seattle's Response to Plaintiff's Renewed Motion for Stay of Judgment Pending Appeal (Dkt. No. 74)

4. Plaintiff's Reply in Support of Renewed Motion for Stay of Judgment Pending Appeal (Dkt. No. 75)

and all attached declarations and exhibits, makes the following ruling:

ORDER ON RENEWED MOTION FOR STAY OF JUDGMENT- 1

IT IS ORDERED the motion is DENIED.

**Background**

The Court's original order dismissing the claims against Defendants Simmons and Shea pursuant to an Anti-SLAPP motion was finalized on November 30, 2010. Dkt. No. 34. In December, Plaintiff moved for reconsideration and a stay of enforcement. On January 24, 2011, the attorney's fees order was entered (and Plaintiff's motion for a reconsideration/stay was also denied at that time). Dkt. No. 53. On March 3, 2011, the Court entered an amended judgment:

> There being no just reason for delay, all claims against Defendants Shea and Simmons are DISMISSED and judgment is entered in their favor pursuant to FRCP 54(b).

Dkt. No.58.

Plaintiff's appeal of that order is still pending with the Ninth Circuit Court of Appeals. According to Plaintiff's current motion, Defendants' attorneys have indicated their intent to commence efforts to collect the judgment forthwith. Plaintiff has been unsuccessful in obtaining a supersedeas bond, but has offered to assign the funds on deposit in his Deferred Compensation Plan Account ("DCPA"; approximately $185,000) as security for the judgment pending the outcome of the appeal – Defendants have refused that offer. Motion, pp. 2-3.

**Discussion**

Plaintiff lobbies for a number of options in lieu of paying the judgment forthwith: (1) staying enforcement of the judgment with no bond being posted (pursuant to FRCP 62(d) and 62(h)); (2) a stay of enforcement with alternate security (i.e., Plaintiff's assignment of his DCPA); or (3) staying enforcement of the judgment with less than full security. In regards to the latter option, Plaintiff cites case law where, in the face of "some reasonable likelihood of the judgment debtor's inability… to satisfy the judgment in full upon ultimate disposition of the case" and where "posting adequate security is impracticable," courts have allowed the posting of

no bond or a reduced bond. *See* Texaco Inc. v. Pennzoil Co., 784 F.2d 1133, 1155 (2nd Cir. 1986), rev'd in part on other grounds, Pennzoil v. Texaco Inc., 481 U.S. 1 (1987).

Defendants Shea and Simmons object on two grounds.[1] First, they argue that this is merely an untimely motion for reconsideration of the Court's denial of the request for stay back in January. Plaintiff responds that, because the issue of the bond/waiver or amendment of bond requirement was not addressed previously, this is a new motion to request additional and alternative relief and hence not a motion for reconsideration. Plaintiff claims that the Court "did not consider Plaintiff's request for waiver of bond" originally (Reply, p. 2). This is not entirely accurate: Plaintiff did not request a bond waiver in his original motion for reconsideration/stay, he asked "that an appeal bond, if ordered, be required in an amount no greater than $50,000." Dkt. No. 38, p. 13. The order denying the motion simply refused to stay enforcement and did not specifically address the bond issue. In that sense, Plaintiff's request is not technically a motion for reconsideration. In any event, the Court considers a ruling on the merits of this motion preferable to dismissing it on procedural grounds.

Second, Defendants contend that (since the bond surety has rejected Plaintiff's offer of assignment of his deferred compensation account) they should not required to accept the assignment of a funding source that a surety has turned down. The Court is also cognizant that it is Plaintiff's burden to demonstrate that posting a full bond is impracticable and to prove how his proposed alternative would adequately guarantee their judgment interests. Olympia Equip. Leasing Co. v. Western Union Tel., 786 F.2d 794, 796 (7th Cir. 1986). A court departing from the usual full supersedeas bond requirement "should place the burden on the moving party to

---

[1] In addition to Defendants Simmons and Shea, the City of Seattle also filed a "Response and Cross-Motion to Segregate Judgment" (Dkt. No. 74). That motion and the responses thereto will be addressed by way of a separate order.

objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof." Bolt v. Merrimach Pharmaceuticals, Inc., 2005 WL 2298423, *3 (E.D. CA 2005). Defendants' responsive pleading complains that Plaintiff makes no showing of whether the fund is adequate to cover his judgment (it appears that it is – Plaintiff submitted a statement in his reply that shows the fund had nearly $185,000 as of March 31, 2011). Their objection to the fact that Plaintiff provides no explanation of how assignment of such a highly regulated fund would be attainable is better taken.

Plaintiff chronicles his unsuccessful efforts to secure a bond without posting the full collateral in cash (in addition to the DCPA, the underwriters also rejected a stock account of Plaintiff's). He does not want to liquidate his DCPA as collateral because of the negative tax consequences for early withdrawal and the fact that the funds cannot be redeposited should the judgment be overturned on appeal.

Despite Plaintiff's characterization of his problems in securing a supersedeas bond and his proposals for alternate forms of security as "new issues," the analysis of this request remains basically unchanged since he was denied his original motion for stay of enforcement. Plaintiff has not demonstrated (or even attempted to demonstrate) any manifest error in the Court's original decision. It appears that, although he has it within his power to secure a supersedeas bond, he simply wants to be relieved of that burden for obvious reasons; i.e., the negative financial consequences. He has only proposed an alternate form of security in the broadest terms, with no justification of how it is either legally permissible or even required and no proposed form of agreement under which Defendants could access his DCPA in the event his appeal is unsuccessful. Plaintiff has failed to sustain his burden of demonstrating the necessity or feasibility of his request.

**Conclusion**

Plaintiff's motion for stay of judgment is DENIED. The Court will stay the effect of the decision for seven days from the entry of this order as Plaintiff has requested so that he can move for a stay from the Ninth Circuit.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 5, 2011.

Marsha J. Pechman
United States District Judge