UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN K. CASTELLO,<br><br>               Plaintiff,<br><br>    v.<br><br>CITY OF SEATTLE,<br><br>               Defendant. | CASE NO. C10-1457 MJP<br><br>ORDER ON DEFENDANT CITY OF SEATTLE'S CROSS-MOTION TO SEGREGATE JUDGMENT |

The Court, having received and reviewed:

1. Defendant City of Seattle's Cross-Motion for Segregation of Judgment (Dkt. No. 74)

2. Plaintiff's Response to Cross-Motion (Dkt. No. 79)

3. Defendant Simmons' Response to Cross-Motion (Dkt. No. 103)

4. Defendant City of Seattle's Reply to Cross-Motion for Segregation of Judgment (Dkt. No. 104)

and all attached declarations and exhibits, makes the following ruling:

ORDER ON DEFENDANT CITY OF SEATTLE'S
CROSS-MOTION TO SEGREGATE JUDGMENT-
1

1   IT IS ORDERED that Defendant City of Seattle's Cross-Motion for Segregation of
2   Judgment is GRANTED.  The Court's order of January 24, 2011 (Dkt. No. 53) is amended as
3   follows:

4       1. The total award of fees for services performed by Summit Law Group on
5          behalf of Defendants Shea and Simmons ($36,796.00) and paid for by the
6          City of Seattle is awarded to the City of Seattle.
7       2. Defendant Simmons is awarded the sum of $16,508.50 in attorneys' fees
8          (representing work performed by the Davis Wright Tremaine law firm and
9          paid for by Defendant Simmons) and $264.47 in costs.
10      3. The statutory damages imposed against Plaintiff in the amount of $10,000
11         per individual defendant remain in effect.

12  There appears to be no disagreement that Defendant City of Seattle ("the City") paid for
13  the entirety of Defendant Shea's legal fees and a portion of Defendant Simmons'.  Defendant
14  Simmons has indicated that she "joins the City's request for fee segregation;"[1]  Defendant Shea
15  filed no response to the request, which the Court regards (pursuant to LR 7(b)(2)) as an
16  admission that the motion is meritorious.
17  Plaintiff contends that the City's objections to its request for a stay of judgment are
18  inappropriate, inasmuch as the City as no standing to be heard on a ruling which concerned the
19  individual defendants only.  The Court indicates here that it did not consider that portion of the
20  City's responsive pleading.
21  Regarding the request for segregation of judgment, Plaintiff objects to the City's "efforts
22  to influence the court's ruling with respect to the judgment in favor of defendants Simmons and

---

[1] Simmons Response, p. 1. Defendant Simmons' lengthy response addresses a number of topics not relevant to the request for segregation; they will not be addressed in this order.

1 Shea." Dkt. No. 79, p. 1. No authority is cited for this proposition and the Court is unaware of
2 any prohibition against a party seeking amendment of a judgment in which it has an interest.
3     The judgment will be segregated as ordered *supra*; since it appears that Plaintiff and the
4 individual defendants have settled the issues between them short of appeal and that the appeal
5 regarding the Court's orders of November 22, 2010 and January 24, 2011 has been dismissed
6 (Dkt. No. 106), the above amount is due and owing forthwith. An amended judgment reflecting
7 this order will be filed contemporaneously with this order.

9     The clerk is ordered to provide copies of this order to all counsel.
10 Dated October 12, 2011.

                                          Marsha J. Pechman
                                          United States District Judge