UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN K. CASTELLO,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SEATTLE,<br><br>    Defendant. | CASE NO. C10-1457 MJP<br><br>ORDER RE:<br>  1. MOTION FOR RECONSIDERATION<br>  2. PLAINTIFF'S NINTH CLAIM FOR RELIEF |

The above-entitled Court, having received and reviewed

1. Plaintiff's Motion for Reconsideration (Dkt. No. 121)

2. Defendants' Brief re Plaintiff's Ninth Claim for Relief (Dkt. No. 119)

and all related declarations and exhibits, enters the following orders:

IT IS ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Ninth Claim for Relief is DISMISSED in accordance with Plaintiff's stipulation, and Plaintiff's entire lawsuit may now be DISMISSED with prejudice in accordance with the Court's previous orders.

ORDER ON MOTION FOR RECONSIDERATION - 1

**Discussion**

Motion for Reconsideration

Plaintiff's motion of reconsideration concerns only his claims for retaliation. His legal argument occupies nine pages, none of which addresses any claimed errors in the Court's analysis of the arguments which he made in his responsive briefing.

Instead, Plaintiff presents an entirely new argument. He cites language from Yniguez v. Arizonans for Official English, 69 F.3d 920 (9th Cir. 1994)) (a case which is not cited in his original briefing) to argue that where a government employee has a "strong, legitimate interest in speaking out on public matters… the government may have to make a substantial showing that the speech is, in fact, likely to be disruptive before it may be punished." Id. at 939.

Plaintiff then goes on to argue at length that Defendants did not make the requisite "substantial showing" that Plaintiff's exercise of his First Amendment rights was likely to interfere with the department's operations. Additional argument is devoted to Plaintiff's claim that SFD's allegations concerning the disruptive nature of Plaintiff's activities were pretextual, and that the evidence suggests rather that the department was simply punishing him for the content of his speech. Response, pp. 3-9.

LR 7(h) states that motions for reconsideration will "ordinarily" be denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

Plaintiff's briefing on reconsideration cites no case law stating that a court can be held to have "manifestly erred" in a prior ruling based on an argument which was not before that court at the time of the ruling. Plaintiff's argument regarding the requirement of a "substantial showing" does not appear in his responsive briefing, nor are there any citations to the reconsideration

motion's case authorities (e.g., Yniguez; Greenberg v. Kmetko, 922 F.2d 382 (7th Cir. 1991); Jeffries v. Harelston, 52 F.2d 9 (2nd Cir. 1995); Heil v. Santoro, 147 F.3d 103 (2nd Cir. 1998)) in his original pleading. The same may be said of his argument that the government's stated reasons for his temporary transfer were pretextual.

If Plaintiff wants to move for reconsideration of the Court's order based on a new legal argument, he is required to demonstrate that the new facts or new authority upon which he bases his argument could not have been brought before the Court earlier. Plaintiff's new legal argument (based on precedents and facts which were unquestionably in existence at the time he filed his responsive briefing) cannot be sustained on this basis.

The Court feels constrained to point out that Plaintiff has a history of this "second bite of the apple" tactic. In November, 2010, the Court granted a motion to dismiss brought by two individual defendants on the basis of Washington's Anti-SLAPP statute. In his motion for reconsideration on the Anti-SLAPP dismissal of his claims against the two defendants, Plaintiff raised for the first time the alleged unconstitutionality of the Anti-SLAPP statute. The Court responded:

> Plaintiff's motion for reconsideration raises an entirely new issue – the constitutionality of RCW 4.24.525 – not even mentioned in passing in his original responsive brief to Defendants' motion to dismiss and/or strike. Plaintiff makes no argument that this issue of constitutionality could not have been raised earlier (in fact, Plaintiff makes no mention of the fact that he is asking the Court to reconsider its ruling in light of an entirely new argument). And, because this is an entirely new argument, there can be no question of "manifest error in the prior ruling;" the Court cannot have ruled in error on an argument never before raised.

Dkt. No. 53, Order on Motion for Reconsideration, pp. 4-5.

The Court further noted three instances in Plaintiff's responsive briefing on the summary judgment motion at issue here where he raised new legal arguments or new factual allegations

ORDER ON MOTION FOR RECONSIDERATION - 3

which had never before been made in the year-plus history of this litigation. *See* Dkt. No. 118, Order, p. 10 fn. 4, p. 17:15-22, p. 19:17-21. The federal rules of civil procedure, this district's own Local Rules and considerations of equity preclude the Court from countenancing this kind of *ex post facto* legal argument.

Nor, in any event, is the substance of Plaintiff's new legal argument sufficient to overturn the Court's original ruling. First of all, Plaintiff's new legal authority holds only that where a government employee has a "*strong*, legitimate interest in speaking out on public matters… the government *may* have to make a substantial showing that the speech is, in fact, likely to be disruptive before it may be punished." Yniguez, 69 F.3d at 939 (emphasis supplied). Nowhere in the Court's order on Defendants' summary judgment motion was there a finding that Plaintiff had demonstrated a "strong" interest in speaking out on matters of public concern.

In fact, a thorough reading of Plaintiff's SM1 survey reveals a number of questions addressed to issues which have not historically been held to constitute matter of public interest – e.g., internal working conditions, job satisfaction, employee grievances, etc. It was only on the basis of a portion of the survey which was related to the responsiveness of SFD management to the legitimate concerns of its paramedics (an area which had previously been held to constitute an area of public interest) that the Court, viewing the facts in the light most favorable to Plaintiff, ruled the survey as falling within First Amendment protections. The Court further notes that, even if Plaintiff had succeeded in demonstrating a "strong, legitimate interest," Yniguez only holds that such proof of such an interest *"may"* require the government to make a substantial showing of the disruptive nature of the speech. Id. And where the "public interest" claim in protected speech is not particularly strong, a defendant is required to show less disruption (or

potential disruption) to justify taking action to restrict that speech.  Hyland v. Wonder, 972 F.2d 1129, 1139 (9th Cir. 1992).

Nevertheless, the Court finds that, viewing the facts before it at the time of the summary judgment ruling,[1] Defendants made a legally sufficient showing of their overriding interest in "the effective and efficient fulfillment of its responsibilities to the public."  Connick v. Myers, 461 U.S. 138, 150 (1983).  Having demonstrated that two employees complained about the distribution of the survey (including the fact that it was mailed directly to their homes as opposed to being disseminated in the workplace) and that Plaintiff had chosen to go outside accepted union grievance protocols to make this survey a "personal crusade," Defendants' determination that Plaintiff's actions required a restrictive response is legally entitled to a degree of deference. The fact that an investigation by an independent EEO officer resulted in findings that Plaintiff's persistence in promoting the survey constituted insubordination and that the survey had disrupted Plaintiff's battalion (*see* Dean Decl., Ex. J) – a finding which Plaintiff does not controvert – adds further weight to Defendants' side of the balancing test scale.

As the Supreme Court has held,

> When close working relationships are essential to fulfilling public responsibilities, a wide degree of deference to the employer's judgment is appropriate. Furthermore, we do not see the necessity for an employer to allow events to unfold to the extent that the disruption of the office and the destruction of working relationships is manifest before taking action.

Connick v. Myers,  461 U.S. 138, 151-152 (1983).  It is clear from the facts before the Court that Defendant Dean, the SFD chief, had made just such a determination (*see* Dean Decl., ¶ 6).  As in

---

[1] The Court is aware that many of the facts cited by Plaintiff in his motion for reconsideration were contained in the materials he submitted with his responsive briefing.  However, these facts were not cited in his briefing or made part of his original responsive argument, and Plaintiff cites no authority that the Court is responsible for sifting through the parties' evidence (in this case, hundreds of pages of exhibits) to ferret out the facts which support the case for either side.

employment discrimination cases, it is not the purview of the Court to act as a "super-personnel department" (Ruiz v. Posadas de San Juan Associates, 124 F.3d 243, 250 (1st Cir. 1997)) and "substitute its views for those… responsible for making employment decisions." Lehman v. Prudential Ins. Co., 74 F.3d 323, 329 (1st Cir. 1996).

As a matter of law, the personnel decisions of a fire department are entitled to some added degree of deference. "As a public safety organization, a fire department has a more significant interest than the typical government employer in regulating the speech activities of its employees" to maintain efficiency and the high degree of confidence required to discharge its mission. Shands v. City of Kennett, 993 F.2d 1337, 1344 (8th Cir. 1993).

> Because of the nature of firefighting, and its high stakes, operational efficiency and harmony among co-workers are critical. Where a fireman… engages in disruptive conduct intending to undermine the authority of department officers, the speech accompanying such conduct is not constitutionally protected.

Bicket v. Burkhart, 632 F.2d 1251, 1257 (5th Cir. 1980); *accord* Byrd v. Gain, 558 F.2d 553 (9th Cir. 1977).

Even had he legitimately raised the concerns reflected in his motion for reconsideration, Plaintiff has failed to demonstrate the existence of manifest error in the Court's prior ruling. His motion for reconsideration is DENIED.

### Ninth Claim for Relief

At the conclusion of the summary judgment order, the Court noted that there was one claim – Plaintiff's ninth cause of action for "willful withholding of wages" (Complaint, ¶¶ 13.1 – 13.4) – which Defendants' motion had failed to address. The parties were given a period of time to address this issue and the Court withheld complete dismissal pending the supplemental briefing.

In response, Defendants submitted a deposition transcript at which Plaintiff's attorney dismissed this claim on the record. Dkt. No. 120, Wollett Decl., Ex. A, Castello Deposition, 94:1-6. Plaintiff submitted no further briefing. On the basis of the uncontroverted assertion of Defendants' counsel, the Court accepts the dismissal of Plaintiff's remaining cause of action, and this order will reflect a dismissal with prejudice of the entire lawsuit. A judgment reflecting that dismissal will be filed in conjunction with this order.

**Conclusion**

Plaintiff has failed, both procedurally and substantively, to establish a claim that he is entitled to reconsideration and reversal of the portion of the Court's original summary judgment ruling concerning his claims for retaliation based on exercise of his First Amendment rights. As he has previously stipulated that his sole remaining claim – his Ninth Claim for Relief on grounds of "willful withholding of wages" – has previously been dismissed, the matter is now ripe for dismissal with prejudice and a judgment so ordering will be entered.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 19th day of December, 2011.

Marsha J. Pechman
United States District Judge